See also 238 F.Supp. 575 and 238 F.Supp. 580.

---

**UNITED STATES of America,**

v.

**Herbert Johannes STEEL and Alice Jayson, a/k/a Alice Jacobsohn, Defendants.**

United States District Court
S. D. New York.

Jan. 20, 1965.

Robert M. Morgenthau, U. S. Atty., Michael F. Armstrong, Stephen L. Hammerman, Asst. U. S. Attys., of counsel.

Rabinowitz & Boudin, New York City, for defendant Alice Jayson, Arthur Schutzer, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendant Alice Jayson (1) to dismiss the indictment on the ground that the grand jury was not "selected, drawn or summoned in accordance with law" (Fed.R.Crim.P. 6(b) (1); also 6(b) (2)) and, alternatively, (2) to obtain a hearing into the manner in which the grand jury was selected and, in aid of such an inquiry, (3) to obtain an order from this Court directing the jury clerk to make available to the mov-

ant certain jury records for the years 1961 through 1964.

An earlier indictment—63 Cr. 541—was handed up on June 13, 1963. The indictment (23 counts) named as defendant only Herbert Johannes Steel, now co-defendant with movant in the present indictment. The earlier indictment charged violations of law involving securities of Alaska International Corporation.

While the earlier indictment was pending, defendant Steel made a motion to dismiss it on exactly the same grounds as those now urged for movant. By order made January 21, 1964, Judge Cannella directed that testimony be taken on the procedure used to select grand and petit jurors. Such testimony was taken and by memorandum and order filed May 1, 1964 Judge Cannella denied the motion.

Thereafter and on August 18, 1964, the present and superseding indictment was returned by a different grand jury. The present indictment in twenty-two counts names both movant and Steel as defendants. Movant was named with co-defendant Steel in counts 1 through 11 and was named alone in counts 21 and 22. Count one charges movant with conspiracy to violate the Securities Act of 1933 (15 U.S.C. § 77a and following; the "1933 Act") in respect of transactions in unregistered securities and to violate the mail fraud statute (18 U.S.C. § 1341). Counts 2 through 11 charge movant and Steel with substantive violations of the 1933 Act; counts 21 and 22 charge movant alone wtih making false statements in a matter within the jurisdiction of the Commission (18 U.S.C. § 1001). The securities involved are those of Alaska International Corporation ("Alaska"). Both defendants pleaded not guilty on August 25, 1964.

Thereafter this motion to dismiss was made. The moving affidavit recites that all the pleadings and proceedings on the earlier Steel motion to dismiss are incorporated by reference in this motion.

The specific challenge on this motion is to an alleged practice of the Jury Clerk "of assigning jurors with high level jobs to the Grand Jury and jurors with low level jobs to the Petit Jury" (Moving affidavit, page 8).

This same specific challenge was made by the earlier Steel motion and decided by Judge Cannella.

The only distinction made by movant from the earlier motion is this: in denying the earlier motion, it is said that the May 1, 1964 *memorandum* of Judge Cannella did not "specifically determine the existence *vel non* of the alleged practice of the Jury Clerk which is the distinct ground of challenge alleged by the instant motion" (Memorandum for Motion, page 3).

At the end of the hearing on March 12, 1964, Judge Cannella made the following finding (Stenographic minutes, pages 59–60):

"However, I find that there is no distinction between high-level jobs and low-level jobs when the grand jury clerk and his deputies make selections for the grand jury. And for that reason the motion is denied, with an exception to the defendant, and I direct that the case be placed on the calendar in 318."

It is of no moment that the finding was made at a hearing rather than in a memorandum.

Nothing has been presented which would lead to a decision now contrary to that of Judge Cannella less than a year ago. It is represented for movant that the same method of selection examined by Judge Cannella "continues to be used" (Moving affidavit, page 2).

It should moreover be noted that the method of selection in this District of grand and petit jurors has been exhaustively studied and approved. United States v. Agueci, 310 F.2d 817, 833–834 (2d Cir. 1962); United States v. Flynn, 216 F.2d 354, 378–389 (2d Cir. 1954); United States v. Van Allen, 208 F.Supp. 331 (S.D.N.Y.1962); United States v. Greenberg, 200 F.Supp. 382 (S.D.N.Y. 1961); United States v. Foster, 83 F.Supp. 197 (S.D.N.Y.1949); United

States v. Gladstein, Docket # 62 Cr. 592; United States v. Royber, Docket # 62 Cr. 804).

The motion is in all respects denied.

So ordered.